### J. K. HEXTER v. MARIE B. URWITZ AND HUSBAND.

#### No. 496.

1. **Oral Trust—Statute of Frauds.**—Appellees having made a deed absolute to appellant, for the express consideration of $3000, which was really a loan, could show an oral agreement with him whereby it was agreed that he should not sell the land within two years from the date of the deed, and should reconvey the same to appellees at any time before making sale, upon the repayment of the $3000 and interest, and if sold by appellant after the expiration of the two years, he should account to appellees for the difference between the selling price and the $3000 and interest. This parol contract was not within the statute of frauds.

2. **Mortgage on Homestead.**—Such contract was not in contravention of law and void because the property had been the homestead of the appellees. The purpose of the law exempting a homestead from seizure or sale for debt would be defeated if the appellees were denied the right of showing the nature of the conveyance, and recovery of damages for the breach of the agreement. The maxim, ex turpi causa, non oritier actio, does not apply.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*Glass, Callender & Carsner,* and *Proctor & Proctor,* for appellant.

1. Appellees having alleged in their petition that the absolute deed executed by them to appellant, dated December 9, 1889, was executed upon an express contemporaneous parol agreement to the effect that appellant should not sell said property within a period of two years from the date of said deed, and further alleging that appellant did before the expiration of two years from date of said conveyance, sell said property to an innocent purchaser for value without notice, and that by reason of appellant's disregarding said promise or agreement they were damaged in the sum of $7700, for which they asked judgment, makes this suit simply an action for damages upon a contract shown to be in parol and not evidenced by any memorandum in writing, and by its own terms shown not capable of performance by appellant in the space of one year from the making thereof; and upon such a promise or agreement no action can be sustained in the courts of this State. Rev. Stats., art. 2464, subdiv. 5; Packett Co. v. Sickles, 5 Wall., 580; Moore v. Fox, 6 Am.

Dec., 338; Peters v. Westborough, 31 Am. Dec., 144; Linscott v. McIntire, 23 Am. Dec., 602; Lockwood v. Barnes, 38 Am. Dec., 620; Frary v. Sterling, 99 Mass., 46; Kellogg v. Clark, 23 Hun, 396; Boydell v. Drummond, 11 East., 142; 8 Am. and Eng. Encycl. of Law, 688–692; Wood on Stat. of Frauds, secs. 274, 275; Laws. Rights, Rem. and Prac., sec. 2325.

2. If the property made the basis of the agreement between appellant and appellees was at the date of the conveyance to appellant the homestead of appellees, then such agreement constituting a pretended conditional sale of their homestead was in violation of law, and appellees can not recover any damages resulting from a breach thereof by appellant. Eastman v. Rountree, 56 Texas, 110; Rue v. Railway, 74 Texas, 474; Bish. on Con., arts. 469, 471; 7 Wait's Act. and Def., 64, 65; Const., art. 16, sec. 50; Hardie v. Campbell, 63 Texas, 295; Astugueville v. Loustanau, 61 Texas, 233.

*S. B. Dabney*, for appellees.—1. The fifth clause of the Texas statute of frauds is taken from the original statute, and extends only to such agreements as by the express appointment of the parties are not to be performed within a year. If an agreement be capable of being completely performed within a year, although it be not actually performed until after that period, it is not within the statute; and this clause of the statute applies only to those contracts not to be performed on either side within a year. Thomas v. Hammond, 47 Texas, 52; Thouvenin v. Lea, 26 Texas, 614; Peters v. Westborough, 19 Pick., 364; Chemical Co. v. Holbrook, 119 N. Y., 586; Wood on Stat. of Frauds, art. 275, p. 487, note 2.

2. Where a legal title is obtained upon a fraudulent verbal promise, it will be subjected to a constructive trust, notwithstanding the statute of frauds. The statute of frauds does not void contracts, but merely makes contracts of a certain nature unenforceable unless in writing. It was not intended to shield but to prevent fraud, and the party receiving the benefit of a contract and then seeking to avoid it, because within the statute, must pay for what he has received. Clark v. Haney, 62 Texas, 514; 1 Pome. Eq. Jur., 2 ed., sec. 431, and note 3; 2 Pome. Eq. Jur., secs. 1055, 1056, 858, 921; 3 Pome. Eq. Jur., sec. 1293.

3. A deed absolute on its face may, in Texas, be shown to be a mortgage, conditional sale, or subject to a trust, the words " or interest in or concerning " real estate, contained in the original statute, being omitted from our statute. There is a distinction between illegality (either malum in se or malum prohibitum) in a contract and voidness thereof. Neither is enforceable, but the voidness of a contract can not be interposed as a shield against accounting for fraudulent gains. Rev. Stats., art. 2464, sec. 4; Anderson v. Power, 57 Texas, 213; Booth v. Fiest, 80 Texas, 141; 19 S. W. Rep., 398; Clark v. Haney, 62 Texas, 514; Gibbs v. Penny, 43

Texas, 560; Carter v. Carter, 5 Texas, 93; De Leon v. Trevino, 49 Texas, 88; Wagoner Bros. v. Reising & Co., 55 Texas, 511; Pheuffer v. Maltby, 54 Texas, 461; Brooks v. Martin, 2 Wall., 70; Bish. on Con., art. 489; 1 Pome. Eq. Jur., art. 403; 2 Pome. Eq. Jur., art. 942.

GARRETT, CHIEF JUSTICE. — 1. On December 9, 1889, the appellee Marie B. Urwitz, joined by her husband, Max Urwitz, conveyed by a deed, in form an absolute conveyance with general warranty of title, to the appellant, J. K. Hexter, 31¼ acres of land adjoining the town of Victoria, the separate property of Mrs. Urwitz. Said deed recited a consideration of $3000, and was duly acknowledged and recorded in the record of deeds for Victoria County. Possession of the land was at once given to the grantee, Hexter.

2. Said deed was executed upon the express oral agreement, made by the parties at the time, that the appellant should not sell the land within two years from the date thereof, and should reconvey the same back to Mrs. Urwitz at any time before making sale thereof, upon payment of the said sum of $3000, which Hexter had loaned to her, with interest; and if sold by appellant after the expiration of two years, he should account for the difference between the price for which he should sell the same and the said sum of $3000 and interest.

3. Hexter sold the land without the knowledge or consent of the plaintiff on May 7, 1891, to one George M. Johnson, an innocent purchaser, for a consideration of $5000, and refused on demand by Mrs. Urwitz to account to her for any sum whatever, claiming that he had bought the property absolutely. This suit is brought to recover damages for the violation of said agreement, which are laid at the difference between the debt and the value of the property.

*Conclusions of Law.*—1. A deed absolute on its face may be shown by parol evidence to be a mortgage or conditional sale. The facts in this case show that the deed from Mrs. Urwitz and her husband to Hexter for the land was a mortgage with power of sale, to secure the sum of $3000, to be repaid with interest on or before two years after date. The parol agreement by which the deed is shown to be a mortgage does not come within the statute of fraud, requiring contracts not to be performed within a year to be evidenced by a memorandum in writing, both on account of the rule itself, allowing proof of parol evidence to engraft the trust on the deed, which is in writing, and because the agreement could have been performed and discharged within a year by payment of the money and interest.

2. Defendant alleged in his answer, that the land was the homestead of the appellees, and being such they could not enforce the contract creating a mortgage thereon, because such a contract is in contravention of

the law and void.   A demurrer to this part of the answer was sustained by the court, and the question has been presented here, and the action of the court in this respect is relied on for a reversal of the judgment. There was no error in sustaining the demurrer.   The law declares that any attempted encumbrance of the homestead, except in certain cases, shall be void.   But the purpose of the law, which is to exempt the homestead from seizure or sale for debt, would be defeated if the plaintiffs here were denied the right of showing the nature of the conveyance and recovery of damages for the breach of the agreement.   The rule of law expressed in the maxim ex turpi causa, non oritur actio, does not apply.

We have examined the statement of facts, and believe the verdict of the jury fully sustained by the evidence.   The judgment of the court below, in favor of appellees for the difference between the debt and the amount for which the property was sold, will be affirmed.

*Affirmed.*

Delivered March 29, 1894.

Justice PLEASANTS did not sit in this case.